UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE LIVINGSTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PNEU-LOGIC CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-07155-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS, DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, AND GRANTING MOTIONS FOR JOINDER**<br><br>Re: Dkt. Nos. 18, 23, 33, 36 |

## I.　INTRODUCTION

Plaintiff Grace Livingston brings this action against Pneu-Logic Corporation ("Pneu-Logic"), along with its former president, Ned Dempsey, and DOES 1-50. Livingston alleges in the First Amended Complaint that she and her husband loaned over $300,000 to Pneu-Logic under a loan agreement ("Note") that came due on October 15, 2016 and that Pneu-Logic has made no payments on the loan. Instead, she alleges, Pneu-Logic was dissolved and its assets fraudulently transferred to Dempsey and other shareholders. She asserts a claim for breach of contract, a claim seeking to hold the shareholders liable under the Note, and a claim for voidable/fraudulent transfer seeking to void the transfer of Pneu-Logic's assets to Dempsey and other shareholders in order to recover the outstanding amount due under the Note.

Presently before the Court are Defendant Dempsey's Motion to Dismiss for Forum Non Conveniens ("FNC Motion") and Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Subject Matter Jurisdiction Motion"), and Pneu-Logic's Motions for Joinder in those motions. The Court finds that the Motions are suitable for determination without a hearing and therefore vacates the hearing scheduled for April 16, 2021 pursuant to Civil Local Rule 7-1(b). The Case

1  Management Conference set for the same date is also vacated.  For the reasons set forth below, the
2  Court GRANTS the Motions for Joinder, GRANTS the FNC Motion and DENIES the Subject
3  Matter Jurisdiction Motion on the basis that it is moot.[1]

## II.     BACKGROUND

In the First Amended Complaint ("FAC"), which is the operative complaint, Livingston asserts that there is subject matter jurisdiction over this action based on diversity under 28 U.S.C. § 1332.  FAC ¶ 5.  In particular, she alleges that she is a resident of Marin County, California, that Pneu-Logic is an Oregon corporation with its principal place of business in Oregon and that Dempsey is an individual who is a citizen of Oregon. *Id.*  She further alleges that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  *Id.*  Livingston alleges that venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions on which her claims are based occurred in this District and the Note was executed here.  *Id.* ¶ 6.

In the FAC, Livingston alleges that Pneu-Logic was formed in 2005 to produce and install industrial compressed air management systems and control technology, and related services. FAC ¶ 15.  Dempsey was the founder of Pneu-Logic and also its president, its largest shareholder and a Board member.  *Id.*  According to Livingston, Pneu-Logic was "a mere shell, instrumentality and conduit through which the Dempsey, and DOES 1 through 10 carr[ied] on their own personal businesses in [Pneu-Logic's] corporate name."  *Id.* ¶ 8. Livingston alleges that "[i]n or about 2014 and 2015, [Pneu-Logic], through Dempsey, sought an infusion of funds from [Livingston] and/or other members of her immediate family, and loans were made to [Pneu-Logic] totaling $160,000." *Id.* ¶ 16 (referring to these loans as "Previous Loans").

In May 2016, Pneu-Logic sought "another $150,000 in loaned funds."  *Id.*  According to Livingston, she met with "[Pneu-Logic] and Dempsey . . . in the City of San Mateo, County of San Mateo to negotiate and reach an agreement in principal for the new loan." *Id.* ¶ 17.   Livingston agreed to loan the additional $150,000 and to combine this new loan with the Previous Loans for a total loaned principal amount of $310,000. *Id.*  On May 12, 2016, Livingston entered into a

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

written Loan Agreement and Promissory Note (the Note) for this amount with Pneu-Logic "through Dempsey." *Id.* ¶ 18. The Note provided for interest at a rate of 8% per annum, with the Note to be paid off no later than October 15, 2016. *Id*. (citing §§ 2.1, 2.3); *see also* Dempsey FNC Motion Decl., Ex. B (Note) § 4.4. It also provided that the loan agreement "was deemed entered into pursuant to the laws of the state of California and would be governed, construed, applied and enforced in accordance with the laws of the state of California." *Id.* (citing § 4.4).

Livingston did not attach a copy of the Note to the complaint (either the original complaint or the FAC). Defendants, however, filed the Note in support of the FNC Motion. *See* Dempsey Motion Decl., Ex. B. Livingston does not challenge the authenticity of this document, which consists of a "Loan Agreement and Promissory Note" and an attached exhibit, described as the Previous Loan agreements, which are expressly incorporated into the terms of the Note. *Id*. Recitals (B), § 4.9. The Note (referred to as "New Loan" in the Note) provides as follows:

> The New Loan is made on the same as terms and conditions as the terms and conditions made under the Previous Loans, except for those terms and conditions which are specifically addressed in this Agreement Those specifically addressed terms set forth herein will serve as additional, or as the case may be, amended terms and conditions for both the New Loan and the Previous Loans.

Dempsey Motion Decl., Ex. B (Note) Section 2.4. The Note describes the "Previous Loans" as consisting of two loans – one for $150,000 and another for $10,000 and states that these loans "are documented by separate agreements which are attached to this agreement as Exhibit A, and hereby incorporated herein by this reference." *Id.*, Recitals (B).

In fact, the attachment to the Note contains loan documents for only one of the Previous Loans, the loan for $150,000 that was made in 2015, which consists of a Note Purchase Agreement ("2015 Note Purchase Agreement") and promissory note ("2015 Promissory Note"). The 2015 Promissory Note contains the following provision:

> 15. Venue. Any action or proceeding arising out of this Note will be litigated in courts located in Multnomah County, Oregon. Borrower consents and submits to the jurisdiction of any local, state, or federal court located in Multnomah County, Oregon.

*Id.*, Ex. A (2015 Promissory Note) section 15 ("the Forum Selection Clause"). There is no

provision in the Note modifying the Forum Selection Clause, which is therefore applicable to the Note.[2]

In the FNC Motion, Defendants ask the Court to dismiss the case under the doctrine of forum conveniens based on two theories. First, they argue that dismissal is required because pursuant to the Forum Selection Clause, Livingston's claims can only be litigated in Multnomah County. FNC Motion at 7-9. Second, they contend the claims should be dismissed on the basis of forum non conveniens because all of Pneu-Logic's contacts regarding its operations were located in Oregon. *Id.* at 9. Although Defendants seek dismissal of the claims with prejudice, they also ask in the alternative for any other relief the Court deems proper. *Id.*

Livingston opposes the FNC Motion, arguing that because the Forum Selection Clause specifies that her claims must be litigated in a state *or federal* court in Multnomah County, Defendants should have sought a transfer under 28 U.S.C. § 1404 instead of invoking the doctrine of forum non conveniens and asking the Court to dismiss her claims. FNC Motion Opposition at 3-5. She further asserts that the Forum Selection Clause does not apply because two of her claims – her second and third claims – do not "arise out of" the Note or require interpretation of its terms but instead are based on "alleged separate events." *Id.* at 5-6. Finally, Livingston rejects Defendants' argument that the doctrine of forum non conveniens applies based on their contacts with the state of Oregon, pointing to what Livingston contends are substantial connections with California related to her claims. *Id.* at 7-8. Among other things, she points to evidence that approximately one third of Pneu-Logic's shareholders reside in California. *Id.* at 9; Livingston Opposition Decl. ¶ 4.

After Livingston filed her Opposition to the FNC Motion, Defendants brought another motion to dismiss challenging the existence of diversity jurisdiction in light of the evidence supplied by Livingston that a third of Pneu-Logic's shareholders reside in California. Subject Matter Jurisdiction Motion at 4. According to Defendants, because Livingston has asserted her

---

[2] Livingston does not challenge the authenticity of the documents attached to the Dempsey FNC Declaration, including the Note. Nor does she dispute that the Note incorporates the Forum Selection Clause.

4

claims against all Defendants, including the Doe defendants, she has admitted that there is not complete diversity among the parties. *Id.* at 6. Livingston counters that her claims are aimed only at shareholders to whom Pneu-Logics's assets were improperly distributed and there is no indication that those shareholders are among the one third of shareholders who Livingston believes reside in California. Subject Matter Jurisdiction Opposition at 2.

## III. ANALYSIS

Because the Court finds that the Forum Selection Clause applies to Livingston's claims, the Court addresses only that issue.

### A. Legal Standards

"A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is 'mechanism for enforcement of forum-selection clauses that point to a particular federal district,' . . . whereas 'the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non convenien.'" *Spread Your Wings, LLC v. AMZ Grp. LLC*, No. 20-CV-03336-VKD, 2020 WL 5749085, at *2–3 (N.D. Cal. Sept. 25, 2020) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013)). "Section 1404(a) is merely a codification of the doctrine of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. at 60. "And because both § 1404(a) and the forum non conveniens doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 61.

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 62. The "calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* (internal quotations and citation omitted). *Id.* at 63. In that case, "the plaintiff's choice of forum merits no weight, the parties' private interests are

5

1    deemed to weigh entirely in favor of the preselected forum, and a transfer of venue will not carry
2    with it the original venue's choice-of-law rules." *Spread Your Wings, LLC v. AMZ Grp. LLC*,
3    2020 WL 5749085, at *2 (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571
4    U.S. at 63-64). "As a consequence, a district court may consider arguments about public-interest
5    factors only." *Id.* at 64. "Because those factors will rarely defeat a transfer motion, the practical
6    result is that forum-selection clauses should control except in unusual cases." *Id.*

7        If the court finds that a dispute is covered by a forum selection clause, the forum selection
8    clause should be enforced "unless enforcement is shown by the resisting party to be
9    'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10
10   (1972). A forum selection clause is unenforceable if the party resisting enforcement makes a
11   strong showing that: (1) "the clause [i]s invalid for such reasons as fraud or overreaching," (2)
12   "enforcement would contravene a strong public policy of the forum in which suit is brought,
13   whether declared by statute or by judicial decision," or (3) proceeding in the selected forum will
14   be "so gravely difficult and inconvenient" that the complaining party "will for all practical
15   purposes be deprived of his day in court." *Spread Your Wings, LLC v. AMZ Grp. LLC*, 2020 WL
16   5749085, at *2 (quoting *M/S Bremen*, 407 U.S. at 15, 18).

17       On a motion to enforce a forum selection clause, the pleadings need not be accepted as
18   true, and facts outside the pleadings may be considered. *Doe v. AOL, LLC*, 552 F.3d 1077, 1081
19   (9th Cir. 2009).

20       **B.**    **Discussion**

21       To determine whether the Forum Selection Clause should be enforced, the Court must
22   address whether Livingston's claims fall within the scope of the Forum Selection Clause, if there
23   is any reason why its enforcement would be unreasonable, and whether it is unenforceable in light
24   of any public interest factors.

25       **1.**    **Whether Claims are Within the Scope of the Forum Selection Clause**

26       Federal courts apply federal contract law in determining the scope of a forum-selection
27   clause. *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018).
28   When interpreting a contract under federal law, courts "look to general principles for interpreting

United States District Court
Northern District of California

contracts." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). The Ninth Circuit has "held that forum-selection clauses covering disputes 'arising out of' a particular agreement apply only to disputes 'relating to the interpretation and performance of the contract itself.'" *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d at 1086 (citing *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011) (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983)).

Livingston is adamant that the question of whether her claims are governed by the Forum Selection Clause is "moot" because "forum non conveniens is not the proper mechanism to enforce a forum-selection clause which includes another federal forum." Opposition at 6. She does not, however, cite any authority for the proposition that a forum selection clause that provides for venue in *either* state or federal court in a particular place, as is the case here, may only be enforced under 28 U.S.C. § 1404. Indeed, she concedes in her brief that the doctrine of forum non conveniens "may . . . be invoked when a forum selection clause points to a *state* or foreign forum." *Id.* at 4. Moreover, Livingston does not explain why this distinction is significant given that the Supreme Court has made clear that the analysis is the same and that 28 U.S.C. § 1404 differs from forum non conveniens only with respect to the appropriate remedy. While Defendants have asked the Court for dismissal of Livingston's claims, they have also asked for any other relief the Court deems proper. The mere fact that they did not explicitly request that the case be transferred to a federal district court in the proper venue does not render moot the question of whether Livingston's claims fall within the Forum Selection Clause. The Court finds that they do.

Livingston's argument that her claims do not "arise under" the contractual agreement that contains the Forum Selection Clause consists of the following: "Plaintiff's Count Two (Claim Against Shareholders of Dissolved Corporation) and County Three (Voidable/Fraudulent Transfer) do not arise out of the Note, and do not require interpretation of the Note [because] [t]hey are based on alleged separate events." *Id.* at 6. Livingston does not deny, however, that her claim for breach of contract (Claim One) is brought to enforce the Note, which she alleges has come due and has not be paid. Thus, this claim clearly relates to "performance" of the Note and

7

therefore "arises under" the Note. Furthermore, Claims Two and Three are both aimed at recovering the money she alleges she is owed on the Note, either by imposing liability on the shareholders or voiding the transfer of Pneu-Logic assets to shareholders. Those claims are predicated on the breach of contract claim and therefore also "arise under" the Note. Therefore, the Court finds that the claims asserted in the FAC fall within the scope of the Forum Selection Clause.

### 2. Whether Enforcement of the Forum Selection Clause is Unreasonable

As discussed above, a forum selection clause may be unenforceable where the party resisting enforcement makes a strong showing that: (1) "the clause [i]s invalid for such reasons as fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) proceeding in the selected forum will be "so gravely difficult and inconvenient" that the complaining party "will for all practical purposes be deprived of his day in court." *Spread Your Wings, LLC v. AMZ Grp. LLC*, 2020 WL 5749085, at *2 (quoting *M/S Bremen*, 407 U.S. at 15, 18). Livingston has not made a strong showing – or even argued – that any of these grounds apply here.

### 3. Whether Forum Selection Clause is Unenforceable Due to Public Interest Factors

"Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. at 62, n. 6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (internal quotation marks omitted)). Here, there is no evidence that any of these factors would justify a finding that the Forum Selection Clause is invalid. Nor has Livingston argued that any public interest factor renders the Forum Selection Clause unenforceable.

Accordingly, the Court finds that the Forum Selection Clause is valid and binding with respect to the claims asserted in this action.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Motions for Joinder, GRANTS the FNC Motion, and DENIES the Subject Matter Jurisdiction Motion on the basis that it is moot. Because the Forum Selection Clause allows this action to be brought in either a federal or state court in Multnomah County and Livingston has not requested that the case be transferred to the federal district court in Multnomah County, the Court will dismiss this case without prejudice so that she can choose where to file. If Livingston would like this case transferred to the federal district court sitting in Multnomah County, she must notify the Court within seven days of the filing of this order.

**IT IS SO ORDERED.**

Dated:  April 12, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge